Filing # 189259754 E-Filed 01/08/2024 10:20:59 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| GRACE ROMERO | | Case No.: | 2023-028901-CA-01 |
|---|---|---|---|
| | Plaintiff/Petitioner | | |
| vs. | | | |
| THE CLOROX COMPANY | | AFFIDAVIT OF SERVICE OF | |
| | Defendant/Respondent | SUMMONS; COMPLAINT; NOTICE OF SERVING FIRST INTERROGATORIES; REQUEST FOR PRODUCTION; FIRST REQUEST FOR ADMISSIONS | |

Received by **Joecelyn Ramos**, on the **5th day of January, 2024 at 10:04 AM** to be served upon **The Clorox Company c/o CT CORPORATION SYSTEM, REGISTERED AGENT** at **330 North Brand Boulevard Suite 700, Glendale, Los Angeles County, CA 91203**.
On the **5th day of January, 2024 at 12:33 PM**, I, Joecelyn Ramos, SERVED **The Clorox Company c/o CT CORPORATION SYSTEM, REGISTERED AGENT** at **330 North Brand Boulevard Suite 700, Glendale, Los Angeles County, CA 91203** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **John Montijo**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
I delivered the documents to John Montijo who identified themselves as the person authorized to accept with identity confirmed by subject reaching for docs when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired Hispanic male contact 35-45 years of age, 5'8"-5'10" tall and weighing 140-160 lbs.

Service Fee Total: **$75.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| NAME: | | 2019112771 | 01/05/2024 |
|---|---|---|---|
| | Joecelyn Ramos | Server ID # | Date |

Filing # 189307155 E-Filed 01/08/2024 03:16:04 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2023-028901-CA-01

GRACE ROMERO,

        Plaintiff,

v.

THE CLOROX COMPANY,

        Defendant.

_____/

**NOTICE OF APPEARANCE AND DESIGNATION
OF ELECTRONIC MAIL ADDRESS PURSUANT TO RULE 2.516**

     PLEASE TAKE NOTICE that Lindsey Heinz, Esq., of the law firm of Shook, Hardy &
Bacon L.L.P., hereby files her Notice of Appearance as counsel of record for Defendant The
Clorox Company in the above-captioned matter and request copies of all pleadings, briefs,
motions, notices, orders, correspondence, and any other materials or documents that are filed
herein. Pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby
designates the following electronic mail address for service of court documents in the above-
referenced matter:

- Lindsey Heinz: LHEINZ@shb.com

Filing # 188727063 E-Filed 12/27/2023 04:44:28 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Grace Romero
Plaintiff

Case # _____
Judge  _____

vs.
The Clorox Company
Defendant

II.     **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.     **TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

Filing # 188727063 E-Filed 12/27/2023 04:44:28 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

GRACE ROMERO,

    Plaintiff,

v.

THE CLOROX COMPANY,

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST INTERROGATORIES TO THE CLOROX COMPANY

Plaintiff, **GRACE ROMERO**, by and through undersigned counsel, and in accordance with Rule 1.340 of the Florida Rules of Civil Procedure, hereby propounds the attached Interrogatories to Defendant, **THE CLOROX COMPANY**, to be answered in writing within thirty (30) days from receipt hereof, or within forty-five (45) days from service of process and the initial pleading in the above-captioned matter, whichever is greater.

Filing # 188727063 E-Filed 12/27/2023 04:44:28 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

GRACE ROMERO,

    Plaintiff,

v.

THE CLOROX COMPANY,

    Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL ADDRESS

    JASON TURCHIN, ESQ. and GABRIEL A. BACA, ESQ. from the Law Offices of

Jason Turchin, hereby file this Notice of Designation of E-Mail Address, and designate

the following email address(es) for receipt of pleadings in this matter:

**litigation3@victimaid.com (primary)**

**gabriel@victimaid.com (secondary)**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

GRACE ROMERO,

      Plaintiff,

v.

THE CLOROX COMPANY,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## <u>THE CLOROX COMPANY</u>

Plaintiff, **GRACE ROMERO**, by and through undersigned counsel, and in accordance with Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests that Defendant, **THE CLOROX COMPANY**, produce and make available for inspection and copying the documents and information responsive to the following numbered Requests set forth below (collectively, the "First Request"). All requested documents in the possession, custody or control of Defendant are to be produced in the Law Offices of Jason Turchin, 2883 Executive Park Drive, Ste. 103, Weston, FL 33331 in the manner provided by the Florida Rules of Civil Procedure and within thirty (30) days from receipt hereof, or within forty-five (45) days from service of process and the initial pleading in the above-captioned matter, whichever is greater.

## <u>CERTIFICATE OF SERVICE</u>

      **WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon Defendant **THE CLOROX COMPANY** with the initial pleadings in this matter.

                                 **LAW OFFICES OF JASON TURCHIN**
                                 Attorney for Plaintiff
                                 2883 Executive Park Drive, Ste. 103
                                 Weston, FL 33331
                                 Telephone:   954-659-1605 x 222
                                 Facsimile:      954-659-1380
                                 Email:            gabriel@victimaid.com

                       By:*/s/ Gabriel A. Baca, Esq.*

                                 GABRIEL A. BACA, ESQ.
                                 Florida Bar No. 1017732
                                 JASON TURCHIN, ESQ.
                                 Florida Bar No. 585300

## <u>DEFINITIONS</u>

"and," "or," "each," "every," "any," "all," "refer," "reflecting," and "referring" shall be construed in their broadest form and the singular shall include the plural and the plural shall include the singular whenever necessary so as to bring, within the scope of these Requests, all Documents (defined below) that might otherwise be construed to be outside their scope.

"Defendant" or "Defendants" refers to the defendants named in this lawsuit, as well as any other person or entity in their agency or employ (whether by common ownership, operation, or control).

"Document" includes all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), and any other "documents" as that word is identified and/or defined and required to be produced in accordance with Rule 1.350 of the Florida Rules of Civil Procedure. All non-identical copies, including drafts, of the same Document are Documents within the meaning of that term and must be produced as well.

"Include" or "including" means including, but not limited to.

"Person" means any natural person, group of natural persons, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

## INSTRUCTIONS

Produce all Documents described below, including Documents that are in the possession, custody or control of Defendants, its directors, consultants, contractors, insurance companies, officers, employees, attorneys, accountants, or agents, or other Persons that are otherwise subject to your custody or control. All Documents that respond, in whole or in part, to any portion of these Requests must be produced in their entirety, including all attachments and enclosures.

Please provide any information even if you cannot provide all the information requested. If you cannot provide all of the requested information, please state the information you cannot provide and a valid reason setting forth why you cannot provide such information, in keeping with Federal law, statutes or otherwise.

If you assert any objections such as work-product or attorney-client privilege, please be sure to follow the guidelines prescribed by the Federal Rules of Civil Procedure such that you must state the grounds for the objection(s). Mere unsubstantiated objections will be considered harassment and intentional delay. Please detail objections in a manner that will enable other parties to assess the applicability of the asserted privilege or protection. This log should include identity of the document or information claimed to be privileged, author, date, intended and other recipients, the subject matter and  detailed information so that Plaintiff may determine whether the privilege is applicable.

Words which appear to you as vague, ambiguous, unintelligible and/or confusing should be assumed to have plain English meaning as understood by a reasonable layperson.   If you are still not sure, look up the words or terms in a dictionary such as the Merriam- Webster Collegiate Dictionary or Oxford English Dictionary.

If any document requested has been lost, discarded, or destroyed, identify such document. State the type of document, its date, the approximate date it was lost, discarded, or destroyed, the reason it was lost, discarded or destroyed, a summary of its substance, and the identity of each person having knowledge of the contents thereof.

If you find a request burdensome because of the amount of material required, then you may produce the material incrementally, as long as you advise me of such and commence production of the information within the allotted time frame specified in the Rules.

Please consider this an ongoing request in keeping with Rule 1.350 and in the event you become aware of or acquire in your possession, custody, or control additional responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

Please completely respond to the following REQUEST FOR PRODUCTION OF DOCUMENTS which begin on the subsequent page.

## REQUESTS FOR PRODUCTION

1.      Any and all correspondence to and/or from Plaintiff.

2.      All photographs and videotapes in the possession of Defendant, its agents, or attorneys of the subject accident, Pine-Sol Cleaner, accident scene and the persons involved.

3.      Any and all insurance policies providing benefits or coverage to Defendant for any claimed injury or damage from the subject accident or occurrence.

4.       For each interrogatory set forth in Plaintiff's First Interrogatories, produce all documents which Defendant referred to, relied upon, consulted or used in any way in answering such interrogatory.

5.      All documents which relate to or concern the design, manufacture, sale, modification, servicing, maintenance or testing of the subject Pine-Sol Cleaner in general at issue in this action, and any subsequent similar Pine-Sol Cleaner utilizing the same or similar chemical components. This request shall include, for example, the subject Pine-Sol Cleaner and another Pine-Sol Cleaner using a different model name or number, but with alteration to chemical component, or chemical structure for it's cleaning agents or manufacture.

6.      All documents which relate to or concern, in any manner any complaints, claims, or accident or incident reports regarding any accident to or injury suffered by any person while using any Pine-Sol Cleaner manufactured, produced, sold, distributed or transferred by this Defendant regardless of place where the Pine-Sol Cleaner was used, limited to those within the past 5 years from the date of the subject incident.

7.      All blueprints, sketches, drawings, specifications, notes, service manuals, , and other documents which depict or otherwise relate to the design, fabrication, labeling, operation and/or assembly of the product model which is the subject of this lawsuit.

8.      All documents, including but not limited to, applications, responses, drawings, diagrams or other schematics to obtain any intellectual property rights which cover or may cover the design or operation of the Pine-Sol Cleaner at issue, including any patent applications, patent drawings, granted patents, and pending and/or rejected patent applications.

9.      Any and all documents received by you, or sent by you to the Consumer Product Safety Commission, OSHA or any other agency in the State, Federal or Local Government, which relate to or concern the design, use, modification or change of the subject Pine-Sol Cleaner model or other models which are substantially similar in their appearance and/or function, including but not limited to those related to any claims, allegations, complaints, and/or voluntary recalls of any Pine-Sol Cleaners.

10.     Copies of any statements taken from witnesses and/or Plaintiff.

11.     All drawings, photographs and/or videotapes of the type of Pine-Sol Cleaner at issue showing or illustrating the methods to be used in operating the device.

12.     Any and all studies and/or documents referencing any testing performed on the subject Pine-Sol Cleaner at any time through the date of this request.

13.     Any and all documents evidencing any and all changes and/or differences for each Pine-Sol Cleaner model which was distributed, sold by, manufactured and/or tested by this Defendant at any time during the past 10 years.

14.     A true and correct copy of all documents referencing or otherwise referring to, and including but not limited to those sent to or from, CPSC pertaining to safety and/or injury with regard to Pine-Sol Cleaner(s), including all actions or recommendations for actions to reduce said risks or exposures.

15.     All documents relating to or that otherwise document the manufacture of the subject Pine-Sol Cleaner, including The date(s) manufacture was started and completed,

as well as the completion date(s) of interim manufacturing tests; The individual(s) involved in the composition structure of the product; The date(s) the product was tested, and the tests administered; The date(s) the product was released to inventory for shipment.

16.     Produce any and all agreements, releases, Mary Carter Agreements, indemnification agreements, hold harmless agreements, distribution agreements, testing agreements, design agreements, manufacture agreements, and all other like agreements indicating any other party who may have an interest in the outcome of this case or who was involved in the manufacture, testing, design, distribution of the subject Pine-Sol Cleaner or any other Pine-Sol Cleaner manufactured, sold, designed, or otherwise distributed by this Defendant within the past 10 years.

17.     Any and all correspondence, memoranda, notations, studies, or any other document of any type or kind containing communication of any type between you or other persons and the Consumer Product Safety Commission regarding any Pine-Sol Cleaner model, regardless of date.

18.     Any and all training materials, warnings, or instructional material used by you or your agents to train or instruct users of the subject Pine-Sol Cleaner prior to the date of the subject accident.

19.     All documents related to the procedure or protocol for receiving, investigating, and analyzing complaints by any consumers using Pine-Sol Cleaners distributed, sold by, manufactured by or designed by this Defendant, including but not limited to complaints that involve personal injury prior to the subject incident.

20.     All documents relating to, or that otherwise document all marketing or sales material prepared by, or authorized, by you for the Pine-Sol Cleaner units prior to the date of the subject accident, including but not limited to All written advertisements; All website, website banners, or other on-line advertisement, including changes made thereto; All

marketing brochures or materials;  All presentations; and/or All videos, pictures, cartoons, or other depictions of using the Pine-Sol Cleaner.

21.     All documents relating to or that otherwise document all communications by you to prospective investors concerning the Pine-Sol Cleaner that make representations or statements about the safety of the Pine-Sol Cleaner.

22.     All documents relating to or that otherwise document all safety testing or analysis of the Pine-Sol Cleaner at issue or similar cleaners prior to the subject incident and subsequent to the subject incident, including but not limited to: Probable or potential causes of failure or accident; and/or Probable or potential causes of injury to user of the product from failure of the product.

23.     All documents relating to or that otherwise document the assembly instructions, packing, manuals and/or operating instructions was included with or sent to the original purchaser and/or each subsequent purchaser of the subject Pine-Sol Cleaner prior to the subject incident, including all versions, edits, and proposed changes to any such version, even if such proposed change was never used.

24.     All blueprints, sketches, drawings, specifications, notes, service manuals, and other documents which depict or otherwise relate to the design, fabrication, labeling, operation and/or assembly of the product which is the subject of this lawsuit.

25.     All videos taken of any testing and/or inspection performed on the subject Pine-Sol Cleaner at any time through the date of this request. This shall include any videos obtained from other claims for warranty issues and/or personal injury, CPSC, as well as internal and other third party video taken of any such testing and/or inspection.

26.     All pamphlets, booklets, catalogs and other documents which this Defendant sent to distributors, dealers, and/or customers which refer to or relate to or in any way mention the subject Pine-Sol Cleaner model.

27.    All documents filed with any government agency relating to recalls and warnings, and the design, assembly, manufacture, servicing, maintenance, distribution, advertising, or sale of the subject product.

28.    All brochures, pamphlets, or other printed material containing warnings concerning the possibility of injury resulting from the use of the product.

29.    All labels, tags, directions, instructions, operating manuals, or other writings which accompanied the subject product at the time it left your physical control.

30.    All results of tests or studies to determine the safety of the subject product.

31.    All documents relating to criticism, reprimand, public hearings, or legal action by any governmental agency or body because of alleged violations of any federal, state, or local statute or regulation with regard to the manufacture, design, distribution, safety, advertising, or sale of the subject product.

32.    All documents relating to recall campaigns, modification programs, retrofit programs, operations, programs, or activities involving the subject product.

33.    All documents reflecting all pleadings, discovery, and correspondence pertaining to filed class actions, threatened class actions, and/or settlements of potential or actual class actions regarding warranty and/or injury claims involving the subject Pine-Sol Cleaner model from the time it was first advertised in the marketplace through the date of this request.

34.    All fire rescue, ambulance and/or police reports for all personal injuries this Defendant is aware of with regard to any Pine-Sol Cleaner manufactured or distributed by this Defendant, which occurred prior to the date of the subject incident.

35.    All files and documents relating to personal injury and/or warranty lawsuits against this Defendant involving the subject product prior to the subject incident.

36.     All documents relating to communications with the Consumer Product Safety Commission concerning all Pine-Sol Cleaner models manufactured and/or distributed by this Defendant prior to the date of this request.

37.     All documents relating to communications between this Defendant and its contract supplier and/or manufacturer and/or distributors that concern field problems, hazards, failures, or defects in any and all Pine-Sol Cleaner models manufactured and/or distributed by this Defendant at any time prior to this request.

38.     All documents which detail, refer to, or relate to safety standards, recommended practices, or chemical component guidelines this Defendant or any other party at this Defendant's direction applied, referred to, or considered in the design, manufacture, labeling, and/or assembly of any and all Pine-Sol Cleaner models manufactured and/or distributed by this Defendant at any time prior to the subject Pine-Sol Cleaner's placement in the marketplace.

39.     All notes, inter-office communications, memoranda, letters and other documents which set forth, relate to, or refer to comments, criticism, and/or information noted by your employees or officers regarding the design, manufacture, assembly, labeling, testing, and/or safety of any and all Pine-Sol Cleaner models manufactured and/or distributed by this Defendant at any time prior to this request.

40.     All documentation relating to the sale and/or distribution of the subject product, including contracts with distributors, sales receipts, invoices, and warranties.

41.     The entire claims investigation file or files (excluding references to mental impressions, conclusions, or opinions representing value or merit of claim or defense or respecting strategy or tactics and privileged communications from counsel) for all claims for injuries involving the subject Pine-Sol Cleaner model which occurred prior to the date of the subject incident.

42.    All minutes and records of each design review meeting or other internal document that mentions or refers to, with regard to any and all Pine-Sol Cleaners manufactured and/or distributed by this Defendant, consideration of bacterial exposure or potential; exposure testing; and the need for an adequate warning or instructional labels relating to the bacterial exposure dangers, prior to the subject incident.

43.    A copy of each patent or patent application for the subject Pine-Sol Cleaner and/or parts filed by this Defendant, any of its employees or assigns.

44.    A copy of any and all licensing agreements pertaining to use of any patented products and/or designs utilized in the subject Pine-Sol Cleaner.

45.    Any and all documents, warranties, brochures, labels or other materials that were subsequently added to the subject Pine-Sol Cleaner since the time of its manufacture, including documentation reflecting who added the subject documents, warranties, brochures, labels or other materials.

46.    Copies of all deposition transcripts taken of any employee or officer of this Defendant in any case in which a personal injury or warranty issue was alleged with regard to a Pine-Sol Cleaner manufactured and/or distributed by this Defendant at any time from the 5 year period prior to the manufacture of the subject Pine-Sol Cleaner through the date of this request.

47.    Copies of all discovery requests made to this Defendant and responses to all discovery requests by this Defendant, including all attachments, in any case in which a personal injury or warranty issue was alleged with regard to a Pine-Sol Cleaner manufactured and/or distributed by this Defendant at any time from the 5 year period prior to the manufacture of the subject Pine-Sol Cleaner through the date of this request.

48.    Copies of all business licenses held by this Defendant in place at the time of the subject incident, as well as those presently held.

49.     Copies of documents showing all professional organizations in which this Defendant and each officer and owner was a member of at the time of the subject incident, as well as those presently a member of.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

GRACE ROMERO,

     Plaintiff,

v.

THE CLOROX COMPANY,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
## <u>THE CLOROX COMPANY</u>

Plaintiff, **GRACE ROMERO**, by and through undersigned counsel, and in accordance with Rule 1.370 of the Florida Rules of Civil Procedure, hereby propounds the attached Requests for Admissions to Defendant, **THE CLOROX COMPANY**, to be answered in writing within thirty (30) days from receipt hereof, or within forty-five (45) days from service of process and the initial pleading in the above-captioned matter, whichever is later.

**YOU ARE FURTHER ADVISED** that if these matters are not admitted, but the same are proved during the trial, Plaintiff will apply to the Court for reimbursement by Defendant of any expenses necessary to prove the same.

## <u>REQUEST FOR ADMISSIONS</u>

1.     At all times material to the Complaint, Defendant was doing business in the State of Florida.

2.     Venue is proper for this case in the above captioned Court.

3.      The above captioned Court has jurisdiction over all claims of Plaintiff against this Defendant alleged in the Complaint.

4.      The above captioned Court has personal jurisdiction over this Defendant.

5.      The names of the parties in the above caption are correct.

6.      The date of the incident giving rise to this lawsuit is correct as described in the Complaint.

7.      The place of the incident giving rise to this lawsuit is correct as described in the Complaint.

8.      This Defendant failed to notify the CPSC or any other government entity of the subject incident prior to the date of the subject lawsuit.

9.      The subject Complaint, on its face, states a proper cause of action against this Defendant as to all counts alleged.

10.      This Defendant was served with good and sufficient process.

11.      As a result of the incident alleged in the Complaint, Plaintiff sustained a permanent injury.

12.      Plaintiff incurred medical expenses as a result of Plaintiff's injuries from the incident described in the Complaint.

13.      All medical expenses Plaintiff incurred as a result of Plaintiff's injuries from the incident described in the Complaint were reasonable.

14.      All medical expenses Plaintiff incurred as a result of Plaintiff's injuries from the incident described in the Complaint were medically necessary.

15.      All medical expenses Plaintiff incurred as a result of Plaintiff's injuries from the incident described in the Complaint were related to the incident.

16.      This Defendant was 100% negligent in causing Plaintiff's injuries.

17.     Plaintiff did not contribute to Plaintiff's injuries in the incident described in the Complaint.

18.     This Defendant knew of the defect and/or dangerous condition described in the Complaint prior to the incident involving Plaintiff.

19.     This Defendant received notice of an alleged safety issue from at least one other person injured as a result of the subject Pine-Sol Cleaner model prior to the date of Plaintiff's incident as described in the Complaint.

20.     This Defendant failed to warn Plaintiff of the defect and/or dangerous condition described in the Complaint.

21.     This Defendant recalled Pine-Sol Cleaners with date codes beginning with the prefix "A4" and the first five digits numbered less than 22249.

22.     The subject Pine-Sol Cleaner fell within the category of recalled Pine Sole Cleaners under CPSC Recall Number 23-022.

23.     The subject Pine-Sol Cleaners stopped being sold by this Defendant prior to the subject incident.

24.     No recall was done on the subject Pine-Sol Cleaner prior to the subject incident.

## <u>CERTIFICATE OF SERVICE</u>

      **WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon Defendant **THE CLOROX COMPANY** with the initial pleadings in this matter.

                            **LAW OFFICES OF JASON TURCHIN**
                            Attorney for Plaintiff
                            2883 Executive Park Drive, Ste. 103
                            Weston, FL 33331
                            Telephone:  954-659-1605 x 222
                            Facsimile:   954-659-1380
                            Email:        gabriel@victimaid.com

             By:*/s/ Gabriel A. Baca, Esq.*

                            GABRIEL A. BACA, ESQ.
                            Florida Bar No. 1017732
                            JASON TURCHIN, ESQ.
                            Florida Bar No. 585300

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

GRACE ROMERO,

      Plaintiff,

v.

THE CLOROX COMPANY,

      Defendant.

_____/

## **COMPLAINT**

      Plaintiff, GRACE ROMERO, by and through undersigned counsel, sues Defendants, THE CLOROX COMPANY, and alleges as follows:

### **General Allegations**

1.      That this is an action in excess of $50,000.00 exclusive interest and costs, and within the jurisdiction of this Court.

2.      That at all material times to this Complaint, Plaintiff, GRACE ROMERO, was a citizen and resident of Miami-Dade County, Florida.

3.      That at all times material hereto, Defendant, THE CLOROX COMPANY, was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Oakland, CA.

4.      Defendant THE CLOROX COMPANY is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which

are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5.      Defendants are subject to the jurisdiction in the State of Florida and therefore venue is proper in Miami-Dade County, Florida.

6.      On or about June 2022, Plaintiff, GRACE ROMERO, and/or her family member, purchased a Pine-Sol Multi-Surface Cleaner ("Pine-Sol Cleaner").

7.      Upon information and belief, at all relevant times, Defendant THE CLOROX COMPANY is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pine-Sol Cleaner.

8.      Upon information and belief, at all relevant times, Defendant THE CLOROX COMPANY tested and inspected the Pine-Sol Cleaner in order to ensure that it was free from defects and safe for consumer use.

9.      The Pine-Sol Cleaner is a cleaning agent that cleans and disinfects surfaces while allegedly killing 99.99% of bacteria while also deodorizing a consumer's surfaces.

10.     On or about June 18, 2022, Plaintiff's family was using the Pine-Sol Cleaner and followed instructions enclosed with the Pine-Sol Cleaner.

11.     While using the Pine-Sol Cleaner to clean the surfaces at the home, Plaintiff was exposed to an unsafe amount of Pseudomonas aeruginosa, which led her to suffer injuries as a result of the exposure to the harmful bacteria.

12.     On October 25, 2022, Defendant recalled the subject Pine-Sol Cleaner as a result of the product containing bacteria, including Pseudomonas aeruginosa, in which exposure to the bacteria by a person with a compromised immune system may face the risk of serious infection.

13.     Plaintiff is such a person that suffers from chronic respiratory failure as a result of her myoclonus epilepsy and ragged red fibers syndrome, more commonly known as MERRF syndrome.

14.     Defendants recalled all Pine-Sol Cleaners with date codes beginning with the prefix "A4" and the first five digits numbered less than 22249.

15.     The subject Pine-Sol Cleaner that was purchased for use at Plaintiff's home has a date code of A422062, which fell within the category of the recalled products.



16.     The Pine-Sol Cleaner had not been misused and had not been modified post-sale before it failed.

17.     As a direct and proximate result of bacterial exposure related to the Pine-Sol Cleaner, Plaintiff suffered injury including respiratory failure, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

## COUNT I – PRODUCTS/STRICT LIABILITY AGAINST THE CLOROX COMPANY
### (Grace Romero)

18.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

19.     At all relevant times, Defendant THE CLOROX COMPANY was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Pine-Sol Cleaners and did design, manufacture, inspect, test, distribute, sell and/or market the Pine-Sol Cleaner giving rise to the subject Complaint.

20.     The Pine-Sol Cleaner failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

21.     The Pine-Sol Cleaner had not been misused post-sale before it failed.

22.     The Pine-Sol Cleaner was within its anticipated useful life when it failed.

23.     The Pine-Sol Cleaner failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

24.     Specifically, the Pine-Sol Cleaner was unreasonably dangerous and/or defective in that:

        a.      it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

        b.      a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

25.     That unreasonably dangerous condition and/or defect proximately caused injury including respiratory failure, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

26.     Therefore, Defendant THE CLOROX COMPANY is liable to Plaintiff for the

aforementioned injuries caused by the defective Pine-Sol Cleaner.

      **WHEREFORE**, Plaintiff, GRACE ROMERO, demands judgment against Defendant, THE CLOROX COMPANY, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### <u>COUNT II – NEGLIGENCE AGAINST THE CLOROX COMPANY</u>
### <u>(Grace Romero)</u>

27.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

28.    Defendant THE CLOROX COMPANY owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Pine-Sol Cleaner, and/or to adequately warn of dangers presented by the product's design.

29.    Defendant THE CLOROX COMPANY knew, or in the existence of ordinary care, should have known, that the Pine-Sol Cleaner was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

30.    Alternatively, Defendant THE CLOROX COMPANY knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Pine-Sol Cleaner such that the type of incident and resulting injuries and damages as described herein would have been prevented.

31.    Alternatively, Defendant THE CLOROX COMPANY had actual or constructive knowledge of the means of designing a Pine-Sol Cleaner that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant THE CLOROX COMPANY failed to adequately design, equip and/or manufacture the Pine-Sol Cleaner.

32.    Alternatively, Defendant THE CLOROX COMPANY negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-

marketing efforts to prevent known incidents, such as the one included herein.

33.     Alternatively, Defendant THE CLOROX COMPANY failed to prudently design, manufacture, test, inspect, market and/or sell the Pine-Sol Cleaner, and/or failed to include a reasonable and safer alternative to the subject defective condition.

34.     As a direct and proximate result of Defendant THE CLOROX COMPANY's negligence, Plaintiff suffered injury including respiratory failure, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

        **WHEREFORE**, Plaintiff, GRACE ROMERO, demands judgment against Defendant, THE CLOROX COMPANY, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT III – BREACH OF EXPRESS WARRANTY AGAINST THE CLOROX COMPANY
### (Grace Romero)

35.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

36.     Defendant THE CLOROX COMPANY designed, manufactured, assembled, distributed, inspected, tested and/or sold the Pine-Sol Cleaner.

37.     Defendant THE CLOROX COMPANY expressly warranted that the Pine-Sol Cleaner was safe for ordinary use when used in compliance with the instructions provided.

38.     Defendant THE CLOROX COMPANY's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Pine-Sol Cleaner.

39.     The Pine-Sol Cleaner did not conform to Defendant THE CLOROX COMPANY's affirmations regarding safety.

40.     As a direct and proximate result of Defendant THE CLOROX COMPANY's breach of express warranties, Plaintiff suffered injury including respiratory failure, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

        **WHEREFORE**, Plaintiff, GRACE ROMERO, demands judgment against Defendant, THE CLOROX COMPANY, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST THE CLOROX COMPANY
### (Grace Romero)

41.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

42.     Defendant THE CLOROX COMPANY at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pine-Sol Cleaner.

43.     Defendant THE CLOROX COMPANY impliedly warranted that the Pine-Sol Cleaner was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Pine-Sol Cleaner's safety features and overall safe condition.

44.     Defendant THE CLOROX COMPANY breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the

safety features and overall safe condition of the Pine-Sol Cleaner, the Pine-Sol Cleaner was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

45.     As a direct and proximate result of Defendant THE CLOROX COMPANY's breach of the implied warranty of merchantability, Plaintiff suffered injury including respiratory failure, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, GRACE ROMERO, demands judgment against Defendant, THE CLOROX COMPANY, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST THE CLOROX COMPANY
### (Grace Romero)

46.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

47.     Defendant THE CLOROX COMPANY designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pine-Sol Cleaner.

48.     In selling the Pine-Sol Cleaner to Plaintiff, Defendant THE CLOROX COMPANY, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pine-Sol Cleaner to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such particular purpose.

49.     Defendant THE CLOROX COMPANY breached its implied warranty of fitness for a particular purpose, as the Pine-Sol Cleaner did not conform to Defendant THE CLOROX COMPANY's affirmations regarding its product being fit for such particular purpose.   The Pine-Sol Cleaner's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

50.     As a direct and proximate result of Defendant THE CLOROX COMPANY's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered injury including respiratory failure, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

        **WHEREFORE**, Plaintiff, GRACE ROMERO, demands judgment against Defendant, THE CLOROX COMPANY, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VI – FAILURE TO WARN AGAINST THE CLOROX COMPANY
### (Grace Romero)

51.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

52.     Defendant THE CLOROX COMPANY designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pine-Sol Cleaner.

53.     On or about June 18, 2022, Plaintiff used the Pine-Sol Cleaner in the manner intended and/or foreseeably intended, when the Pine-Sol Cleaner failed, exploded and/or otherwise caused injury to Plaintiff.

54.     Upon information and belief, the Pine-Sol Cleaner was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently

and/or unreasonably dangerous.

55.     Defendant THE CLOROX COMPANY knew or should have known of the dangerous nature of the Pine-Sol Cleaner by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Pine-Sol Cleaner.

56.     Defendant THE CLOROX COMPANY had a duty to provide reasonable warning of the danger involved in the use of the Pine-Sol Cleaner and failed to provide the public, including Plaintiff, notice of the danger involved.

57.     As a direct and proximate result of the foregoing, Plaintiff suffered injury including respiratory failure, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, GRACE ROMERO, demands judgment against Defendant, THE CLOROX COMPANY, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial for all issues so triable.

Signed on 12/27/2023.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:   954-659-1605 x 222
Facsimile:    954-659-1380
Email:         gabriel@victimaid.com

By:*/s/ Gabriel A. Baca, Esq.*

GABRIEL A. BACA, ESQ.
Florida Bar No. 1017732
JASON TURCHIN, ESQ.
Florida Bar No. 585300

Filing # 190451860 E-Filed 01/24/2024 02:25:49 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2023-028901-CA-01

GRACE ROMERO,

      Plaintiff,

v.

THE CLOROX COMPANY,

      Defendant.

_____/

### NOTICE OF APPEARANCE AND DESIGNATION
### OF ELECTRONIC MAIL ADDRESS PURSUANT TO RULE 2.516

PLEASE TAKE NOTICE that Sofia M. Perla, Esq., of the law firm of Shook, Hardy & Bacon L.L.P., hereby files her Notice of Appearance as counsel of record for Defendant, The Clorox Company, in the above-captioned matter and requests copies of all pleadings, briefs, motions, notices, orders, correspondence, and any other materials or documents that are filed herein.  Pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following electronic mail address for service of court documents in the above-referenced matter:

- Sofia M. Perla: sperla@shb.com

4857-3991-6703

CASE NO:  2023-028901-CA-01

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Mail and through Florida's E-Filing Portal on all counsel listed below this 24th day of January, 2024.

Respectfully submitted,

*/s/ Sofia M. Perla*
LINDSEY K. HEINZ, ESQ.
Florida Bar No.: 98544
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547
lheinz@shb.com

SOFIA M. PERLA, ESQ.
Fla. Bar No. 1031709
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470
sperla@shb.com

***Counsel for The Clorox Company***

CASE NO:  2023-028901-CA-01

## <u>SERVICE LIST</u>

### *Grace Romero v. The Clorox Company*

***Counsel for Plaintiff:***
Gabriel A. Baca, Esq.
Jason Turchin, Esq.
LAW OFFICES OF JASON TURCHIN
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone: 954-659-1605
Facsimile: 954-659-1380
<u>gabriel@victimaid.com</u>
<u>jason@victimaid.com</u>